As the questions here presented are fully discussed and decided in the opinion in that case, which cites numerous authorities in support of the conclusion there reached, it is needless for us to again undertake to review the law or to extend the discussion.

It may be noted that the plaintiff in that action, which originally made the bonding company a party defendant, was the party injured and damaged by the alleged negligence of the contractor. Although it had stated a cause of action for damages caused by the negligent conduct of the contractor, it was held that as to the bonding company no cause of action was stated. Here the defendant is not the party injured. It denies liability and asserts that if it is liable then the contractor is primarily liable and it is secondarily liable. Thus, it appears that the appealing defendant does not now have and will not have, in any event, any claim against the contractor until and unless liability is established and the issue as to primary and secondary liability is answered in favor of the appellant. Surely its rights are no greater than were those of the plaintiff in the *Lawson case, supra.* Furthermore, the statute expressly provides that in no event shall more than one action be instituted against the bonding company, ch. 260, Public Laws 1925, and the procedure is expressly provided.

The appellant insists that the appearance of the bonding company was in fact general and not special. This is immaterial. The court below declined to make the bonding company a party defendant. If, by a general appearance, it came into court, it went out under the order of the court from which the appellant appeals.

The judgment of the court below is affirmed on authority of *Lumber Co. v. Lawson, supra,* and cases there cited.

Affirmed.

MINNIE KINLEY BROADHURST AND J. N. WRIGHT v. BLYTHE BROTH-
ERS COMPANY, A. H. GUION & COMPANY, CITY OF HIGH POINT,
AND SOUTHERN RAILWAY COMPANY.

(Filed 22 May, 1940.)

APPEAL by defendant city of High Point from *Olive, Special Judge,* at November Term, 1939, of GUILFORD. Affirmed.

Motion in the cause by the defendant city of High Point for an order making the United States Casualty Company of New York, contract surety of the defendant A. H. Guion & Company, a party defendant.

This is a companion action to that entitled *Cavarnos-Wright Co. v. Blythe Brothers Co., ante,* 583. The facts set forth in the complaint are substantially the same except that it is alleged that the plaintiffs herein are the owners of the property of which Cavarnos-Wright Company were the lessees and damage to the property, through the negligence of the contractor, is alleged. After hearing the motion of the defendant city of High Point the court below entered its order denying the same. Said defendant excepted and appealed.

G. H. Jones for defendant city of High Point, appellant.
Frazier & Frazier and R. G. Cherry for respondent United States Casualty Company of New York, appellee.

BARNHILL, J. The decision in the case of *Cavarnos-Wright Co. v. Blythe Brothers Co., ante,* 583, is determinative of this appeal.
The judgment below is
Affirmed.

---

MORENTO WILSON v. PAN-AMERICAN BUS LINES, INC.

(Filed 22 May, 1940.)

1. Carriers § 15—
   A passenger on a bus does not lose his rights as such in having the bus stop at a filling station on the route and leaving the bus temporarily to go to the toilet.

2. Carriers § 21b—
   Plaintiff, while a passenger of defendant bus company, was assaulted and injured by an unidentified person as plaintiff was nearing the bus to board same. *Held:* Conflicting evidence as to whether defendant's employees could have come to plaintiff's rescue, and negligently failed to do so, after discovering his peril, was properly submitted to the jury.

APPEAL by defendant from *Phillips, J.,* at October Term, 1939, of MECKLENBURG.

Civil action to recover damages for personal injuries alleged to have been caused by the neglect or default of the defendant.

On 9 August, 1937, the plaintiff purchased a ticket from an agent of the defendant in New York and took passage on one of its buses for Charlotte, N. C. While traveling through the State of Virginia the plaintiff asked the driver to stop the bus and allow him to leave it for the purpose of relieving the pressure on his kidneys. Pursuant to this